# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CESAR ENCISO,

Plaintiff,

v.

DR. MOON, et al.,

Defendants.

_______________________________________/

Case No. 1:12-cv-00924-LJO-SKO (PC)

ORDER STRIKING UNENUMERATED RULE 12(B) MOTION TO DISMISS, VACATING ORDER GRANTING EXTENSION OF TIME TO RESPOND, AND GRANTING DEFENDANTS THIRTY DAYS TO FILE RESPONSIVE MOTION

(Doc. 35)

Plaintiff Cesar Enciso ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 7, 2012. This action is proceeding against Defendants Moon, Alcantar,[1] Silva, Doe 1, and Doe 3 for violation of the Eighth Amendment of the United States Constitution and for negligence under California law. Plaintiff's claims arise of the denial of adequate medical treatment at North Kern State Prison in Delano, California.

On February 28, 2014, Defendants Moon, Alcantar, and Silva ("Defendants") filed an unenumerated Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). On March 24, 2014, Plaintiff was granted a thirty-day extension of time to file a response to the motion. Local Rule 230(*l*).

[1] Identified in the complaint as Alcator.

However, on April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion. *Albino v. Baca*, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). Following the decision in *Albino*, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. *Albino*, 2014 WL 1317141, at *4 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. *Id.*

Accordingly, in light of the decision in *Albino*, it is HEREBY ORDERED that:

1. Defendants' unenumerated Rule 12(b) motion to dismiss is stricken from the record;[2]

2. The order granting Plaintiff an extension of time to file a response to the motion to dismiss is vacated as moot; and

3. Defendants have **thirty (30) days** from the date of service of this order within which to file a responsive motion.[3]

IT IS SO ORDERED.

Dated: **April 10, 2014**

**/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE

[2] District courts have broad discretion to control their own dockets, *M. M. v. Lafayette School Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012), and the Court elects to strike Defendants' unenumerated Rule 12(b) motion to dismiss in light of the decision in *Albino*. A stricken document is a nullity which is not considered by the Court for any reason, First Informational Order, ¶1 n. 1, and given that Plaintiff is a prisoner proceeding pro se, striking the motion and requiring Defendants to re-notice it under Rule 12(b)(6) or Rule 56, accompanied by the requisite notice, serves to clarify the record and place Plaintiff on "fair notice" regarding what is required of him in responding to the motion, *Woods v. Carey*, 684 F.3d 934, 938-40 (9th Cir. 2012).

[3] The Court anticipates Defendants will renew their exhaustion motion pursuant to Federal Rule of Civil Procedure 56 and Local Rule 260, but if they elect not to do so within thirty days, the Court will issue the appropriate order(s) at that time.