1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ENCISO, | Case No. 1:12-cv-00924-LJO-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING (1) PLAINTIFF'S RULE 56(D) MOTION BE DENIED, (2) PARTIES' REQUESTS FOR JUDICIAL NOTICE BE GRANTED IN PART (3) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED, AND (4) DEFENDANTS' MOTIONS FOR PROTECTIVE ORDER, TO VACATE THE SCHEDULING ORDER, AND FOR AN EXTENSION OF TIME BE DENIED AS MOOT |
| v. | |
| DR. MOON, et al., | |
| Defendants. | |
| | (Docs. 37, 38, 45, 51, and 52) |
| | OBJECTION DEADLINE: TWENTY DAYS RESPONSE DEADLINE: TEN DAYS |

_____/

I.       **Procedural Background**

        Plaintiff Cesar Enciso ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 7, 2012.  This action is proceeding against Doctor Moon, Correctional Officer Alcantar,[1] Correctional Counselor Silva, Nurse Jane Doe 1, and Nurse Jane Doe 3 for violation of the Eighth Amendment of the United States Constitution and for negligence under California law.  Plaintiff's claims arise from events

_____
[1] Identified in the complaint as Alcator.

1   which occurred between November 15, 2010, and June 11, 2011, at North Kern State Prison

2   ("NKSP") and at California State Prison-Corcoran ("CSP-Corcoran").

3        On May 12, 2014, Defendants Moon, Alcantar, and Silva ("Defendants") filed a pre-

4   discovery motion for summary judgment based on Plaintiff's failure to exhaust the available

5   administrative remedies in compliance with 42 U.S.C. § 1997e(a) and California's Government

6   Claims Act.[2]  Fed. R. Civ. P. 56(a); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en

7   banc), *cert. denied*, 135 S.Ct. 403 (2014).  (Doc. 45.)  Plaintiff filed an opposition on June 30,

8   2014, Defendant filed a reply on July 30, 2014, and the motion was submitted on the record

9   without oral argument pursuant to Local Rule 230(*l*).[3]  (Docs. 50-52, 55-59.)

10  **II.**  **Plaintiff's Rule 56(d) Motion**

11      **A.**  **Legal Standard**

12       In conjunction with his opposition to Defendants' motion for summary judgment, Plaintiff

13  moved to continue the motion pending discovery.  Fed. R. Civ. P. 56(d).  (Doc. 50, Opp., court

14  record pp. 22-24.)  Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration

15  that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

16  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to

17  take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  In seeking relief

18  under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where

19  there is some basis for believing that the information actually exists, and demonstrating that the

20  evidence sought actually exists and that it would prevent summary judgment.  *Blough v. Holland*

21  *Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); *Getz*

22  *v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*,

23  441 F.3d 1090, 1100-01 (9th Cir. 2006).

24  *///*

---

[2] Cal. Gov't Code §§ 900, *et seq.*

[3] Plaintiff was provided with contemporaneous notice of the requirements for opposing a summary judgment motion for failure to exhaust administrative remedies.  *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998).  (Doc. 45.)

## B.       Discussion

The issue before the Court is whether Plaintiff exhausted the administrative remedies, and resolution of that issue does not necessitate any discovery relating to the merits of Plaintiff's medical care claims.   The Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later.  *Albino*, 747 F.3d at 1170.  To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party is entitled to seek redress.   Fed. R. Civ. P. 56(d); *Albino*, 747 F.3d at 1170-71; *Wyatt v. Terhune*, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by *Albino*, 747 F.3d at 1168-69).   Here, however, Plaintiff's opposition sets forth no argument that he needs any specific discovery to oppose the exhaustion motion.   (Doc. 50, Enciso Dec., court record p. 32, ¶28.)

To the contrary, Plaintiff opposed the summary judgment motion in a thorough, detailed opposition supported by documentary evidence regarding exhaustion.  Plaintiff's general argument that he has not had any discovery and has been denied the right to obtain evidence to support his opposition is precisely the type of general argument which does not suffice to obtain relief under Rule 56(d).   Accordingly, the Court finds that Plaintiff has not shown the actual existence of relevant information that would prevent summary judgment on the issue of exhaustion, and he is not entitled to deferment of Defendants' motion under Rule 56(d).  *Albino*, 747 F.3d at 1170; *see also Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) (evidence to be sought through discovery must be based on more than mere speculation).

## III.     Defendants' Motion for Summary Judgment

### A.       Federal Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).   This statutory exhaustion requirement applies to all inmate suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532, 122

S.Ct. 983 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and unexhausted claims may not be brought to court, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007) (citing *Porter*, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  *Jones*, 549 U.S. at 216; *Albino*, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  *Albino*, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  *Id.*

## B.      Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166; *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172.  If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence

4

1   showing that there is something in his particular case that made the existing and generally

2   available administrative remedies effectively unavailable to him." *Id.*  This requires the plaintiff

3   to "show more than the mere existence of a scintilla of evidence." *In re Oracle Corp. Sec. Litig.*,

4   627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106

5   S.Ct. 2505 (1986)).  "If the undisputed evidence viewed in the light most favorable to the prisoner

6   shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Albino*,

7   747 F.3d at 1166.  However, "[i]f material facts are disputed, summary judgment should be

8   denied, and the district judge rather than a jury should determine the facts." *Id.*

9           **C.**    <u>**Allegations Underlying Plaintiff's Legal Claims**</u>

10         Plaintiff was transferred to NKSP on November 15, 2010, and shortly thereafter, he began

11   notifying medical staff of chest pain, pressure on his back and lungs, and difficulty breathing and

12   walking.  Plaintiff submitted several health care service request forms without success and after a

13   "significant amount of time" passed, Plaintiff went to the medical clinic and asked Defendant Jane

14   Doe 1, a nurse, why he had not been seen.  (Comp., p. 5, ¶4.)  She informed him that if his chest

15   really hurt, he would not be able to stand or walk, and she said that he was lying.

16         Plaintiff was later seen by a doctor who gave him one dose of pain medication and ordered

17   x-rays.  The x-rays were conducted improperly, and Plaintiff was told in error that he was fine and

18   to submit another request form if he felt more pain.  By then, Plaintiff was experiencing searing

19   chest and back pain, nausea, and vomiting, and he could not eat, sleep, move around, or breathe

20   properly.  Prison officials, however, refused to see, treat, or properly diagnose him, despite being

21   on notice of his condition.

22         On December 15, 2010, Plaintiff's cellmate flagged down a nurse and told her that

23   Plaintiff was not mobile and he had been notifying medical staff of chest pain for more than ten

24   days.  The nurse placed Plaintiff in a wheelchair and told him policy dictated that any inmate

25   suffering from chest pains must be immediately transported.  Plaintiff was then transported to San

26   Joaquin County Hospital.

27         At the hospital, Plaintiff underwent a CT scan and heart monitoring.  Dr. Amin determined

28   that Plaintiff had a 4 by 6 inch mass, which was biopsied.  Plaintiff was informed that he had

valley fever, which he alleges he contracted at NKSP.  Dr. Amin prescribed Ablecet B for a minimum of thirty to sixty days and told Plaintiff it was vital that he take the medication.

Plaintiff was transferred to the hospital at CSP-Corcoran on December 23, 2010.  On January 4, 2011, Defendant Moon discontinued Plaintiff's medication and when Plaintiff told him what Dr. Amin said, Defendant responded that Plaintiff was not a doctor and would not tell Defendant what to do.  On January 7, 2011, Plaintiff was discharged and sent back to NKSP without further treatment.

Plaintiff immediately began submitting request forms informing staff that he was having severe chest pains, back pain, nausea, vomiting, and breathing problems.  Nursing staff told Plaintiff his symptoms were due to Valley Fever and he must be transferred out of the valley.

When Plaintiff notified a nurse and Defendant Alcantar that he was having chest pain and difficulty breathing, Defendant Alcantar denied him access to a doctor, telling him it was just valley fever and to go back to his cell and deal with it.

On January 14, 2011, Plaintiff contacted his correctional counselor, Defendant Silva, about his condition and his need to get out of the valley.  Defendant Silva said he had already spoken to Plaintiff's wife and medical staff, and he was aware of the immediate need for a transfer.  Defendant Silva said Plaintiff would be transferred to Correctional Training Facility in Soledad within thirty days, but Plaintiff was never transferred.

Plaintiff's health continued to deteriorate over the months, without treatment or a transfer.

On March 6, 2011, Plaintiff was no longer able to get out of bed and he notified Officer Sisk, who summoned a nurse.  The nurse, Defendant Jane Doe 3, refused to get a stretcher and forced Plaintiff to crawl down the stairs to a wheelchair.

Plaintiff was transported back to San Joaquin County Hospital, where Dr. Amin said his worsened condition was due to prison officials' failure to administer proper medication, negligence in treating him, and failure to transfer him.  As a result, the valley fever had spread to Plaintiff's spine, exposing Plaintiff to the risk of paralysis.

On March 14, 2011, Plaintiff was transferred back to the hospital at CSP-Corcoran.  Dr. Amin called the hospital to ensure that Plaintiff received the prescribed or recommended

medication.   Defendant Moon agreed to provide the medication but he refused to provide any other treatment.

On May 17, 2011, Plaintiff was returned to NKSP.  Plaintiff alleges that his condition has not improved: his pain has intensified and he can no longer perform basic daily functions.

**D.** **Undisputed Facts**

1.     Plaintiff arrived at NKSP on November 15, 2010.

2.     From November 15, 2010, through June 7, 2012, Plaintiff was an inmate at the following prisons:

a.     NKSP from November 15, 2010, to August 8, 2011, except for time periods when at CSP-Corcoran;

b.     CSP-Corcoran from December 23, 2010, to January 7, 2011; and from March 14, 2011, to May 17, 2011; and

c.     California Substance Abuse Treatment Facility and State Prison ("SATF") from August 8, 2011, to October 11, 2012.

3.     The basis for Plaintiff's claim against Defendant Alcantar is Alcantar's refusal to provide him access to a doctor and her order requiring he go back to his cell.  This conduct occurred at NKSP between January 7 and 14, 2011.

4.     The basis for Plaintiff's claim against Defendant Silva is Silva's failure to timely transfer him to a prison outside of the valley fever-threatened area in January 2011.[4]

5.     The basis for Plaintiff's claim against Defendant Moon is conduct that occurred at CSP-Corcoran on January 4, 2011, and March 14, 2011.  Defendant Moon allegedly failed to continue the course of treatment ordered by outside physicians.

6.     The California Department of Corrections and Rehabilitation ("CDCR") has an administrative appeals process that allows inmates to appeal any decision, action, condition, policy

---

[4] Plaintiff purports to partially dispute this fact in that he also alleges Defendant Silva lied to him regarding the transfer, a representation he relied on and which delayed any appeal or litigation.  This assertion does not form the basis of Plaintiff's Eighth Amendment claim against Defendant Silva, however, and Plaintiff's argument does not bring this fact into dispute.  Plaintiff's contention regarding when he acquired the knowledge necessary to form the basis for a claim is discussed in section E.

1    or omission by CDCR or its staff that the inmate can demonstrate has an adverse effect on his

2    welfare.

3        7.    Plaintiff was aware of the inmate appeals process maintained by CDCR at the time

4    the events that form the basis of his complaint in this action.

5        8.    Plaintiff was familiar with and successfully utilized the inmate appeals process

6    through all levels of review at both NKSP and SATF.

7        9.    Plaintiff filed the following inmate appeals at NKSP: (1) NKSP D 11-00695, (2)

8    NKSP X 11-00937, (3) NKSP HC 11019745, and (4) NKSP D 11-00604.

9        10.    Plaintiff also filed five appeals at NKSP that were screened out for failure to

10   comply with the regulations governing appeals.

11       11.    None of the inmate appeals Plaintiff filed at NKSP concerned Moon, Alcantar or

12   Silva, the failure to treat valley fever, or any of the other conduct alleged against the defendants in

13   the complaint.

14       12.    Plaintiff was aware of the inmate appeals process maintained by CDCR when he

15   was transferred to CSP-Corcoran.

16       13.    Plaintiff filed no inmate appeals at CSP-Corcoran concerning Moon, Alcantar or

17   Silva.

18       14.    During the time period relevant to this action, Plaintiff filed the following inmate

19   appeals at SATF that were accepted for review at some level: (1) SATF-E-11-02609, (2) SATF-G-

20   12-00757, (3) SATF HC 12054467, (4) SATF HC 33 11-13206/SATF HC 11047448, (5) SATF

21   HC 33 11-13190/SATF HC 11047405, (6) SATF HC 11053588, (7) SATF HC 33-11-13007, and

22   (8) SATF HC 33-11-12975.

23       15.    Appeal numbers SATF-E-11-02609, SATF-G-12-00757, SATF HC 12054467,

24   SATF HC 33 11-13206/SATF HC 11047448, SATF HC 11053588, SATF HC 33-11-13007, and

25   SATF HC 33-11-12975 did not concern Moon, Alcantar or Silva or their alleged conduct which

26   forms the bases for Plaintiff's claims in this action.

27

28

8

16.     Plaintiff filed three appeals at SATF that were screened out, none of which concerned Moon, Alcantar or Silva or their alleged conduct which forms the bases for Plaintiff's claims in this action.

17.     Plaintiff identifies appeal number SATF HC 11047405/SATF-33-11-13190, dated September 5, 2011, as the inmate appeal that allegedly exhausted his administrative remedies with respect to this action against Moon, Alcantar, and Silva.

18.     Appeal number SATF HC 11047405/SATF-33-11-13190 was filed at SATF on or about September 12, 2011.

19.     CDCR appeal regulations in effect in 2010 and to January 28, 2011, required an inmate to file an appeal within fifteen working days of the conduct forming the basis for the appeal.

20.     CDCR appeal regulations that became operative on January 28, 2011, require an inmate to file an appeal within thirty calendar days of the conduct forming the basis for the appeal.

21.     Plaintiff did not file an inmate appeal within either fifteen working days or thirty calendar days of the conduct of Moon, Alcantar and Silva that he alleges forms the basis of his complaint.

22.     Plaintiff filed a claim with the Victim Compensation and Government Claims Board ("VCGCB") on September 13, 2011, and it was assigned claim number G599623.

23.     Plaintiff's VCGCB claim did not identify the defendants in this action.

24.     Plaintiff's claim was only accepted by the VCGCB as to allegations arising from facts or events that occurred during the six months prior to the date the claim was presented.

25.     On October 28, 2011, the VCGCB rejected Plaintiff's claim.

26.     Plaintiff's undated civil complaint in this action was mailed on June 5, 2012, and it was received by the Court and filed on June 7, 2012.

///

///

///

///

### E.      Eighth Amendment Claims

#### 1.      Summary of Parties' Positions[5,6]

##### a.      Defendants

Defendants seek summary judgment on the grounds that Plaintiff failed to file any appeals grieving the facts underlying his claims against them, and that appeal number SATF HC 11047405/SATF-33-11-13190, although exhausted, did not mention their conduct at NKSP or at CSP-Corcoran which gave rise the claims against them in this action.  Defendants contend that appeal number SATF HC 11047405/SATF-33-11-13190 concerns the failure of SATF medical staff to treat a tumor, and the appeal does not mention Defendants Moon, Alcantar and Silva by name or contain any statement that could be construed as identifying them in any way.  Defendants further contend that Plaintiff's VCGCB claim did not identify the defendants in this action or identify the alleged facts which form the basis for this lawsuit, entitling them to judgment.

##### b.      Plaintiff

Plaintiff sets forth numerous arguments, some of which are conclusory and/or irrelevant.  Plaintiff's main argument is that he satisfied the PLRA's exhaustion requirement because he "properly exhausted" appeal number SATF HC 11047405/SATF-33-11-13190.  Plaintiff contends the appeal was processed at all levels of appeal and it was not rejected as untimely or based on substance, such as the failure to identify involved staff.

---

[5] Defendants submitted a substantial amount of evidence in support of their motion and they set forth detailed arguments in their effort to show that Plaintiff was aware of and did use the available administrative remedy process, but the appeal he exhausted did not suffice to exhaust his claims against them in this action.  Plaintiff did likewise.  However, the parties agree on the basic facts material to resolution of the exhaustion issue, and the relevant disagreement relates to whether Plaintiff's SATF appeal sufficed to exhaust his claims in this action.  Therefore, omitted from discussion are the arguments, facts, and evidence the Court has determined are not material to resolution of the motion.

[6] Defendants request judicial notice of Plaintiff's VCGCB claim and related claim documents. Fed. R. Evid. 201(b). (Doc. 45-3, Motion.)  Plaintiff requests judicial notice of his exhibits. *Id.* (Doc. 52, Motion.)  The Court may take judicial notice of matters of public record, including records and reports of administrative agencies.  *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (quotations marks and citations omitted).  Accordingly, the Court takes judicial notice of the official VCGCB claim documents, as requested by both sides, and of relevant Title 15 regulations, amended effective January 28, 2011.  Judicial notice of Plaintiff's other exhibits is not appropriate, but it is not necessary in any event.  Both sides have submitted appeals documents for consideration and there is no dispute that appeal number SATF HC 11047405/SATF-33-11-13190 is the appeal relevant to the exhaustion inquiry.

1    Plaintiff's other arguments are that matters raised in an exhausted appeal may later be

2 deemed exhausted in a subsequent appeal;[7] that courts have declined to dismiss for failure to

3 exhaust where the prisoner lacked sufficient knowledge of the facts to comply with the grievance

4 rules; and that if a grievance concerns an ongoing condition, most courts assume it was timely

5 filed.  Plaintiff also argues that there is a difference between believing Defendants' actions were

6 wrong and knowing that their actions violated his rights, and that he filed his appeal within fifteen

7 to thirty days of becoming aware at SATF that Defendants' actions rose to the level of deliberate

8 indifference.  Plaintiff argues that his appeal was either timely or subject to equitable tolling, and

9 that his claims are part of a continuing violation and there is no requirement that he file his appeal

10 at a particular prison or at the prison where the events occurred.  Plaintiff contends that the

11 ongoing violation did not end until he left NKSP and the valley fever infection zone, at which time

12 his health improved and he was able to assess the facts and determine what issues were subject to

13 appeal.  Plaintiff concludes that there are material facts in dispute, precluding summary judgment;

14 and that Defendants acted with deliberate indifference to his medical needs, causing him great

15 suffering.

16        **3.    <u>Findings</u>**

17    Defendants bear the burden of demonstrating the existence of an available administrative

18 remedy and Plaintiff's failure to exhaust that available remedy.  *Albino*, 747 F.3d at 1172.  Here,

19 there is no dispute that CDCR has an administrative remedy process for inmate grievances which

20 is initiated by submitting a CDCR Form 602 "Inmate/Parolee Appeal" within thirty calendar days

21 (1) of the event or decision being appealed, (2) upon first having knowledge of the action or

22 decision being appealed, or (3) upon receiving an unsatisfactory departmental response to an

23 appeal filed.  Cal. Code Regs., tit. 15, §§ 3084.2(a), 3084.8(b)(1) (quotation marks omitted);[8]

24 _____

[7] Plaintiff cites *Gregory v. Ayers*, No. CIVS042523DFLPANP, 2006 WL 548444, at *2-3 (E.D.Cal. 2006), *adopted in*
25 *full*, 2007 WL 987412.  In that case, the court denied a motion to dismiss, finding that a subsequent appeal exhausted issues that were raised in an earlier, unexhausted appeal.  Plaintiff's argument here, however, is that appeal number
26 SATF HC 11047405/SATF-33-11-13190 exhausted his claims, not that there exists some subsequent appeal which exhausted his claims.  The *Gregory* case is therefore inapposite.

27
[8] The regulations were amended effective January 28, 2011.  However, both the current regulations and the prior
28 regulations provided the same general four-level administrative remedy process.  The four level process prior to the amendments effective on January 28, 2011, was described in § 3084.5.

11

1    *Williams v. Paramo*, __ F.3d __, __, 2015 WL 74144, at *7 (9th Cir. Jan. 7, 2015); *Wilkerson v.*

2    *Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  The appeal must "describe the specific issue under

3    appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall

4    describe their involvement in the issue."  § 3084.2(a).  Furthermore, the inmate "shall state all

5    facts known and available to him/her regarding the issue being appealed at the time of submitting

6    the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment."  §

7    3084.2(a)(4).  Prior to January 28, 2011, CDCR's regulations merely required a description of the

8    problem and the action requested.  § 3084.2(a) (2010).

9         In this case, there is also no dispute that Plaintiff was aware of the inmate appeals process.

10   The issue is whether appeal number SATF HC 11047405/SATF-33-11-13190 sufficed to exhaust

11   Plaintiff's Eighth Amendment claims against Defendants.  An appeal "suffices to exhaust a claim

12   if it puts the prison on adequate notice of the problem for which the prisoner seeks redress," and

13   "the prisoner need only provide the level of detail required by the prison's regulations."  *Sapp v.*

14   *Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010).  Plaintiff initiated an appeal at SATF on September

15   5, 2011, in which he stated:

16         The following appeal is in regards to a continuous 42 U.S.C. § 1983 civil rights
           complaint.  *These allegations have a very specific adverse effect on me by the*
17         *medical staff's failure to set a remedial plan to remove a tumor which threatens my*
           *life*, as well as forces me to suffer undue harm in the process undertaking federally
18         imposed rights.  Specifically, *I have been forced to suffer maltreatment of a deadly*
           *tumor* for a specified time well exceeding contemporary standards of decency.  On
19         8/2/11 I placed the Doctor "Kokor" on notice and he failed to set a course of
           remedy.  Again on several occasions over the last (30) days on or about 8/19/11-
20         8/26 9/2/11 I placed staff on notice.  I have placed medical officials on notice upon
           my arrival at SATF on 8/8/11 and they failed to effectively treat my ailment.  *Even*
21         *before my arrival, I was forced to suffer overwhelming pain in NKSP and was*
           *hospitalized in San Joaquin due to their negligence and deliberate indifference.*
22         *Then I was hospitalized in Corcoran State Prison Hospital and my condition*
           *worsened due to substandard care.*  Now, I have placed SATF/SP medical staff on
23         notice of these facts and they refuse to properly remedy these threats to my life and
           follow the pattern of unconstitutional care which endangered my livelihood.
24         Contemporary standards of decency amongst medical professionals in the
           community would immediately order a remedial plan for a patient with a life
25         threatening growth and chronic pain.  These officials fail to meet even the bare
           minimum of required treatments.
26
     (Doc. 50, Opp., Pl, Ex. A, court record pp. 61-62 (emphasis added).)  The informal level and first
27

28

formal level were bypassed, the appeal was denied at the second level of review on November 3, 2011, and the appeal was then denied at the final level of review on March 23, 2012, constituting exhaustion of that appeal.

In recognition of the fact that exhaustion requirements are designed to deal with parties who do not want to exhaust, "proper exhaustion" of the administrative remedies is required and "proper exhaustion" demands compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378 (2006) (quotation marks omitted). As previously set forth, at the time the appeal was submitted, the regulations required a description of the specific issue under appeal and the identification of all involved staff members, specifically:

> (3) *The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue.* To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. *If the inmate of parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.*

> (4) The inmate or parolee *shall state all facts known and available to him/her regarding the issue being appealed* at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Form Attachment.

§ 3084.2(a)(3), (4) (emphasis added).

The Court finds that under regulations in effect at the time Plaintiff filed his appeal, the appeal did not suffice to place prison officials on notice that: (1) he was turned away from the medical clinic by Defendant Jane Doe 1, who accused him of lying about his symptoms; (2) Defendant Moon wrongfully discontinued crucial medication at CSP-Corcoran on January 4, 2011, and on March 14, 2011, agreed to provide the medication but refused to provide any other treatment; (3) Defendant Alcantar denied him access to a doctor at NKSP despite his complaint of chest pain; (4) Defendant Silva failed to ensure he was transferred from NKSP within thirty days despite being placed on notice on January 14, 2011, that Plaintiff needed to transfer due to his medical condition; or (5) on March 6, 2011, when Plaintiff was no longer able to get out of bed at NKSP, Defendant Jane Doe 3 refused to get a stretcher and forced Plaintiff to crawl down the stairs to a wheelchair. Plaintiff's appeal mentioned pain, substandard care, negligence, and

deliberate indifference at NKSP and CSP-Corcoran but the appeal contained no details about what occurred at NKSP or CSP-Corcoran and did not mention a failure to timely diagnose or properly treat valley fever or its symptoms.[9]  Rather, the appeal concerns Plaintiff's tumor.  While the tumor is allegedly related to valley fever, even under the prior regulations, which required only a description of the problem and constituted a "low floor," *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009), the appeal would not have sufficed to alert prison officials to the nature of the wrong for which redress is now sought, *Sapp*, 623 F.3d at 824 (quotation marks omitted); *accord Akhtar v. Mesa*, 698 F.3d 1202, 1211 (9th Cir. 2012).

Plaintiff's other arguments do not assist him.  Although Plaintiff argues that due to his medical condition, he did not comprehend the facts underlying his Eighth Amendments claims until his health later improved at SATF, this argument is unavailing because the appeal Plaintiff later filed at SATF, purportedly within fifteen to thirty days from the time he realized Defendants violated his rights, did not include the alleged wrongdoing by Defendants at NKSP or CSP-Corcoran.  (Opp., court record pp. 18-19; Enciso Dec., ¶¶8, 24, 25, 29.)  Plaintiff's arguments that his appeal was timely, his claims are part of an ongoing violation, and he is not required to file the appeal at the prison where the events occurred are similarly unavailing because Plaintiff's appeal was not rejected on any procedural grounds which implicate those considerations.

Based on the foregoing, the Court finds that Plaintiff did not exhaust his Eighth Amendment medical care claims against the defendants named in this action and they are entitled to summary judgment.[10]  Fed. R. Civ. P. 56; *Albino*, 747 F.3d at 1166.

///

///

///

---

[9] Plaintiff argues that if inmates do not have identifying information, they are only required to provide any other information that would assist the appeals coordinator in making a reasonable attempt to identify the involved staff, but here, Plaintiff did not provide *any* information which would have assisted the appeals coordinator in identifying Moon, Silva, Alcantar, or the two Doe nurses, as the appeal lacks any facts providing notice of their alleged misconduct.  (Opp., court record p. 13.)

[10] In his opposition, Plaintiff seeks leave to amend and argues that granting summary judgment without allowing him to amend would be unjust.  However, Defendants have shown they are entitled to judgment and there are no grounds in the record supporting leave to amend.  *Albino*, 747 F.3d at 1166.

**F.**     **State Law Tort Claims**

**1.**     **State Statutory Exhaustion Requirement**

California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the VCGCB no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.   Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.   *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).   Suit must then be commenced not later than six months after the date the written notice was deposited in the mail.   Cal. Gov't Code § 945.6(a)(1) (quotation marks omitted); *Clarke v. Upton*, 703 F.Supp.2d 1037, 1043 (E.D. Cal. 2010); *Baines Pickwick Ltd. v. City of Los Angeles*, 72 Cal.App.4th 298, 303 (Cal. Ct. App. 1999).

**2.**     **Summary of Parties' Positions**

Defendants move for judgment on Plaintiff's state law tort claims as barred by the Government Claims Act because Plaintiff's VCGCB claim exhausted only the legal claims which occurred within the six month period preceding September 13, 2011; Plaintiff's VCGCB claim did not suffice to exhaust his claims against them; and Plaintiff failed to file suit within six months from the denial of his VCGCB claim.

Plaintiff presents little argument in opposition.   (Opp., court record p. 22; Enciso Dec., ¶26.)   Plaintiff admits that his VCGCB claim did not identify the defendants but he denies that it failed to identify the facts underlying this suit.   Plaintiff states that this action is brought primarily for violation of federal constitutional law, and he argues that while he believes his state law tort claims are timely under the ongoing or continuing wrong theory, he must be allowed to litigate his federal claims, regardless of whether the Court dismisses his state law claims.

///

///

///

1             **3.**     **Findings**

2                **a.**     **Facts or Events Exhausted by VCGCB Claim**

3         It is undisputed that VCGCB claim number G599623 exhausted only those facts or events

4 that occurred within six months prior to the date of presentation.  Under state law, the date of

5 presentation is the date of mailing, and construing the evidence in the light most favorable by

6 Plaintiff, the date of presentation was August 24, 2011. Cal. Gov't Code § 915.2(a).  (Opp. court

7 record p. 87.)  Thus, Plaintiff's VCGCB claim exhausted facts or events which occurred on or

8 after February 24, 2011.

9                **b.**     **Sufficiency of VCGCB Claim as to Tort Claims Alleged**

10         State law "requires that the claim state the 'date, place, and other circumstances of the

11 occurrence or transaction which gave rise to the claim asserted,'" and provide "'[a] general

12 description of the . . . injury, damage or loss incurred so far as it may be known at the time of

13 presentation of the claim.'"  *Stockett v. Ass'n of California Water Agencies Joint Powers Ins.*

14 *Auth.*, 34 Cal.4th 441, 445-47, 99 P.3d 500, 20 Cal.Rptr.3d 176 (Cal. 2004) (quoting Cal. Gov't

15 Code § 910).  The purpose of the statutes is "to provide the public entity sufficient information to

16 enable it to adequately investigate claims and to settle them, if appropriate, without the expense of

17 litigation."  *Stockett*, 34 Cal.4th at 446 (citations omitted).  "Consequently, a claim need not

18 contain the detail and specificity required of a pleading, but need only "fairly describe what [the]

19 entity is alleged to have done."  *Id.*  (citations omitted).  "As the purpose of the claim is to give the

20 government entity notice sufficient for it to investigate and evaluate the claim, not to eliminate

21 meritorious actions, the claims statute should not be applied to snare the unwary where its purpose

22 has been satisfied."  *Id.* (internal quotation marks and citations omitted).

23         In his VCGCB claim, Plaintiff identified NKSP and SATF as the location of the incidents,

24 and he identified the date of the incidents as May 17, 2011, to present.  (Motion, Doc. 45-4, Ex. A;

25 Opp., Ex. B.)  Plaintiff stated, "Petitioner arrived to prison at NKSP and from that point forward

26 suffered cruel and unusual punishment violating the 8th Amendment Provision, and negligence

27 under state law."  (*Id.*) Further, Plaintiff stated, "On 11/15/10 petitioner arrived to NKSP and

28 immediately began complaining of severe chest pains medical and custody staff were on notice of

this pain, and were deliberately indifferent to it.  On 12/15/10, he was taken to hospital and discovered a large tumor.  Staff has and continued to refuse and neglect proper treatment, and petitioner continues to suffer."  (*Id.*)

The Court finds that the VCGCB claim did not suffice to exhaust Plaintiff's claims in this action that arose from events occurring on or after February 24, 2011.  Those remaining claims involve Defendant Silva's failure to ensure Plaintiff was transferred, Defendant Doe 2's refusal to get a stretcher for Plaintiff, which forced him to crawl down the stairs to a wheelchair, and Defendant Moon's agreement to keep Plaintiff on the medication prescribed by Dr. Amin but refusal to do anything else.  Plaintiff's claim need only give "adequate information for the public entity to investigate," but here Plaintiff describes in some detail events which were not within the six month time period accepted for consideration, and he describes the date of the incident as May 17, 2011.  Thus, the VCGCB claim is devoid of any facts which would have provided state officials adequate notification of Plaintiff's wrongful treatment by Defendant Doe 2, Defendant Moon, or Defendant Silva.  *Stockett*, 34 Cal.4th at 449.

### c. <u>Six-Month Statute of Limitations and Equitable Tolling</u>

Finally, Defendants argue that Plaintiff's state law claims are barred by his failure to file suit within six months of the rejection of his VCGCB claim.  Cal. Gov't Code § 945.6(a)(1). Although it is unnecessary for the Court to resolve this final argument in light of its finding that Plaintiff's VCGCB claim did not suffice to exhaust his state negligence claims, California law provides for equitable tolling during pursuit of administrative remedies.  Equitable tolling applies when an injured person has several legal remedies and reasonably and in good faith pursues one, and equitable tolling is automatic where exhaustion of an administrative remedy is mandatory prior to filing suit.  *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88, 100-01 (Cal. 2008) (quotation marks and citation omitted).  Thus, in a situation such as this, the six month statute of limitations would have been tolled until completion of the prison's administrative remedy process on March 23, 2012.  *Id.* at 101.  Plaintiff then filed suit within the next three months.

///

**IV.** **Conclusion and Recommendations**

In conclusion, the Court finds that Plaintiff's inmate appeal number SATF HC 11047405/SATF-33-11-13190, while exhausted, did not suffice to exhaust the Eighth Amendment claims in this action against Defendants Moon, Alcantar, Silver, Jane Doe 1, and Jane Doe 3. Further, Plaintiff's VCGCB claim did not suffice to exhaust his state law negligence claims against Defendants Moon, Alcantar, Silver, Jane Doe 1, and Jane Doe 3. Accordingly, the Court HEREBY RECOMMENDS that:

    1.    Plaintiff's Rule 56(d) motion be denied;

    2.    The parties' requests for judicial notice be GRANTED in part;

    3.    Defendants' motion for summary judgment for failure to exhaust, filed on May 12, 2014, be GRANTED;

    4.    Defendants' motions for a protective order, to vacate the scheduling order, and for an extension of time to respond to Plaintiff's discovery requests, filed on March 6, 2014, be DENIED as moot; and

    5.    Judgment be entered in favor of all defendants based on Plaintiff's failure to exhaust and the action be closed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses, if any, are due within **ten (10) days** from the date the objections are filed. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson*, 772 F.3d at 838-39 (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 17, 2015**           **/s/ Sheila K. Oberto**
                                     UNITED STATES MAGISTRATE JUDGE